IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JORGE O. CORIA,<br><br>               Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a corporation,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Civil No. 2:04CV00354 TC<br><br>DISTRICT JUDGE TENA CAMPBELL<br>MAGISTRATE JUDGE DAVID NUFFER |

Defendant has moved for sanctions for Plaintiff's alleged spoliation of evidence, as well as for summary judgment, largely based on the spoliation sanctions.

**Plaintiff's Allegations**

Plaintiff Coria sues his employer, a railroad, under the Federal Employers' Liability Act.[1] He claims that in late May 2001, he was working in his job switching railroad cars. This involves "disassembling trains that have arrived in Union Pacific's Ogden yard by uncoupling train cars and reassembling them . . . ."[2] He was releasing brakes on a series of cars when a handbrake on one of the cars did not release normally. Releasing the brakes is a normal function of his employment, but the abnormal release was unexpected. The brake device struck his right hand, causing a great deal of pain. He was able to move his hand but the pain persisted. After waiting five or ten minutes, he was able to use his left hand to release the brake and he continued on, releasing other brakes in the set of cars he was working on. After returning to the

---

[1] 45 U.S.C. § 51 *et seq.*

[2] Union Pacific's Motion for Sanctions for Spoliation of Evidence and for Summary Judgment at 1, docket no. 44, filed January 15, 2008.

locomotive, he told the engineer the brake had hurt his hand.  He was able to complete his shift continuing his normal duties, including setting and releasing hand brakes, but using his left hand.[3]

"For the next several days Mr. Coria could not use his right hand to tie and release brakes, although he could do his normal work using his left hand."[4]  Mr. Coria says that a few days after the event, he told a railroad manager that he had hurt his wrist releasing a hand brake. The manager asked Mr. Coria if he wanted to make a report. Mr. Coria told him "I do whatever you want me to do.  He just say, wait."[5]

About ten days after the incident. Mr. Coria saw a doctor who gave him a wrist brace.[6] Through all this time, Coria continued to work.  He also discussed his pain with the same manager to whom he made a verbal report.[7]  In early September, he saw another physician who told him surgery was necessary.[8]  Then, he made a report.[9]

### Alleged Spoliation

The railroad alleges that Coria's failure to report the accident and to report the defective equipment in accordance with company rules constitutes spoliation of evidence.  The railroad says that this "deprived Union Pacific of the only means available to rebut his testimony that the

---

[3] Plaintiff's Memorandum Opposing Motion for Sanctions for Spoliation of Evidence and for Summary Judgment (Opposition Memorandum) at 2, docket no. 49, filed February 15, 2008.

[4] *Id.* (citing Deposition of Jorge Coria (Coria Deposition) at 56-57).  The Coria Deposition excerpts are attached to the Supporting Memorandum.

[5] *Id.* at 3 (quoting Coria Deposition at 46-48).

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.*

hand brake failed to function . . . ."[10]  Since Mr. Coria sues under Federal Safety Appliance Act (FSAA) he only needs to show "that the railroad violated the FSAA, and the railroad is strictly liable for any injury resulting from the violation."[11]  A prima facie case under the FSAA is made when a plaintiff employee shows that the equipment was defective, which he can do with his own testimony.[12]

### Remedy Sought

The railroad asks that the court "preclude Mr. Coria from introducing evidence tending to show that the hand brake that allegedly caused his injuries was defective or that it malfunctioned."[13]  This sanction is the foundation for the summary judgment motion. "Exclusion of Mr. Coria's sole testimony that the hand brake malfunctioned . . . will also have the practical effect of rendering Mr. Coria unable to prove liability on the part of Union Pacific under the FSAA and the FELA."[14]

### Sanctions Standards

In the Tenth Circuit there are a "variety of factors" in the decision to impose a spoliation sanction, two of which are: "(1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party."[15]  The case with this language imposed the sanction of dismissal on a plaintiff who alleged property loss from

---

[10] Union Pacific's Memorandum in Support of Motion for Sanctions for Spoliation of Evidence and for Summary Judgment (Supporting Memorandum) at 6, docket no. 40, filed January 15, 2008.

[11] *Id*. at 5 (quoting *Phillips v. CSX Transp., Inc*., 190 F.3d 285, 288 (4th Cir. 1999)).

[12] *Id.* (quoting *Texas & Pac. Ry. Co. v. Griffith*, 265 F.2d 489, 492, 493 (5th Cir. 1959)).

[13] *Id.* at 4.

[14] *Id.* at 7.

defective aircraft landing gear.  The repair servicer used by plaintiff disposed of the landing gear parts because he felt the FAA did not like used parts being around.[16]

That decision cited other cases in which sanctions were imposed even though there was no bad faith on the part of the sanctioned party, and even when destroyed property was in the hands of someone other than the plaintiff.  In one case, a plaintiff suing for injuries allegedly caused by a defective tire was sanctioned when the other three tires were not available for inspection by the defendant.  The plaintiff was a *passenger,* not the owner of driver of the car.  But the court held her attorneys should have known of the evidentiary value of the tires and should have obtained them from the salvage yard.[17]  In another case, the plaintiff's expert destroyed evidence during testing.[18]  Two cases sanctioned plaintiffs for counsel's failure related to seat belt litigation, one for preserving and then discarding the seat belts[19] and another for failing to preserve an entire car when seat belt retractors were at issue.[20]  The key in that latter case was that a plaintiff must preserve evidence he knows or should know is relevant when litigation is ongoing or imminent.  That factor weighs heavily here on the issue of culpability.

---

[15] *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv. Inc.*, No. 97-5089, 1998 WL 68879, at *4 (10th Cir. Feb. 20, 1998).

[16] *Id.* at *2.

[17] *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 281 (8th Cir. 1995).

[18] *Barker v. Bledsoe*, 85 F.R.D. 545 (W.D. Okla. 1979).

[19] *Moyers ex. rel. Moyers v. Ford Motor Co*., 941 F. Supp 883 (E.D. Mo. 1996).

[20] *Dillon v. Nissan Motor Co., Ltd.,* 986 F. 2d 263 (8th Cir. 1993).

**Culpability**

Mr. Coria admits he knows of the rules for reporting accidents and defective equipment.[21] But he said he did not report the brake problem that night "because you run into those little things once in a while, you know, so I didn't think to report a car. I think: if you go back and report every car in the yard, there would be nothing switched."[22] He also said he "didn't even think what to do that, because I didn't think it was that serious."[23] Only after ten days did he go to a doctor. And it was months later before the seriousness became apparent. Coria is a 53-year-old switchman who has worked for the railroad since 1974. He probably knows the yard and his work as well as anyone. He probably has seen many workplace accidents, some major and some minor. His evaluation of the incident at the time was that it was minor. He had no anticipation of "imminent litigation." This case is far different from those cited by the Tenth Circuit opinion where a dramatic and serious accident makes a claim abundantly apparently to the plaintiff – often represented by counsel at the time of the alleged spoliation.

Coria also believes Defendant's workplace has a predisposition against reporting accidents. His belief would affect his culpability because according to him, Defendant is not favorably disposed to the action which Defendant now says he should have taken. He said "in the past, I had experience that the company really puts pressure on you when you report

---

[21] Supporting Memorandum at 4.

[22] Opposition Memorandum at 2 (citing Coria Deposition at 45, 49, 52-56).

[23] *Id.* (citing Coria Deposition at 70).

something.  They make a big deal about when you report things."[24]  He testified at length regarding his perception that reporting was discouraged.[25]

Then, he also says he mentioned the incident to a manager a few days later and was told to wait to report.  In later discussions with that manager about the injury the manager did not suggest a report.  This factor also weighs against his culpability.

Finally, on the issue of culpability, Coria was born in Huaniqueo, Mexico, and completed the eighth grade there, speaking English with limitations.[26] The language barrier and educational level are legitimate factors in determining his responsibility for reporting.

If the rule on spoliation was extended to cover "failure to report" at the time of an incident of perceived minor character, in an atmosphere perceived as inhospitable to such reports, long before serious medical consequences were contemplated, and long before counsel was retained, a substantive barrier would be created which would exclude many claims from litigation.

### Prejudice

Spoliation sanctions are meant to ensure that litigation is not unfair by absence of critical evidence.  That brings us to prejudice. Union Pacific says it "must have an opportunity to demonstrate that the hand brake worked before and after the alleged event."[27]  The railroad cites another Tenth Circuit case which directed the district court to consider whether destruction of a

---

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 1.

[27] Union Pacific's Reply Memorandum in Support of Motion for Sanctions for Spoliation of Evidence and for Summary Judgment at 3, docket no. 58, filed March 28, 2008.

surveillance videotape impaired the ability of a slip and fall plaintiff to show that the storeowner had knowledge of a hazardous condition.[28]  But this case is not one in which the railroad's knowledge is an issue.  And similarly, the brake's proper operation before and after would *tend* to show it was not defective, but not conclusively.  Detailed testing and analysis would have been required, which no one would have foreseen or authorized based on Mr. Coria's own perception at the time that this was not a serious injury.

## ORDER

IT IS HEREBY ORDERED that the motion for spoliation sanctions[29] is DENIED.

Dated this 9th day of April, 2008.

BY THE COURT:

Magistrate Judge David Nuffer

---

[28] *Rowe v. Albertsons, Inc.*, No. 02-4186, 2004 WL 2252064 (10th Cir. Oct. 7, 2004).

[29] Docket no. 44, filed January 15, 2008.